IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CIVIL ACTION NO. WDQ-05-1566 |
| v. | : CRIMINAL ACTION NO. WDQ-01-0235 |
| | : |
| KETORUS GOODING | : |
| | : |

..oOo..

## MEMORANDUM

Pending is a pro se motion captioned "Motion to Modify Restitution Order" filed by Ketorus Gooding, a federal prisoner incarcerated at FCI- Gilmer in West Virginia. The motion will be construed under 28 U.S.C. §2241 as a motion for habeas relief and dismissed without prejudice by separate order.

Mr. Gooding challenges the Inmate Financial Responsibility Program's payment schedule for restitution during his period of incarceration. Although titled a motion to modify a restitution order, the pleading is more appropriately construed as a petition for habeas relief pursuant to 28 U.S.C. §2241. See Calderon v. Thompson, 523 U.S. 538, 554 (1998) (ruling it is the subject matter of the motion and not petitioner's description which determines its status). This motion concerns the execution of Mr. Gooding's sentence and is therefore correctly framed as a 2241 habeas claim. See Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir.2002). Accordingly, the motion will be construed pursuant to 28 U.S.C. §2241.[1]

---

[1] To the extent Mr. Gooding intends to seek collateral relief by way of a 28 U.S.C. §2255 application, this Court is without jurisdiction to consider a second or successive §2255 application unless directed to do so by the United States Court of Appeals for the Fourth Circuit. See 28 U.S.C. §

Courts may grant a writ of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This means that in a § 2241 action, the petition must be filed in the district court of the district where petitioner is in custody. See Braden v. 30th Judicial Circuit, 410 U.S. 484, 495-500 (1973). In this case, Mr. Gooding is in the custody of the warden at the federal correctional facility at FCI. Gilmer, West Virginia. That federal facility is located within the jurisdiction of the United States District Court for the Northern District of West Virginia. For this reason, this case will be dismissed without prejudice for lack of jurisdiction to permit Gooding to refile his claim in the appropriate court. A separate order follows.

June 13, 2005                                                          _____/s/_____
Date                                                                        William D. Quarles, Jr.
                                                                                United States District Court Judge

---

2244(b)(3)(A); In re Avery W. Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997).